## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAUSAU UNDERWRITERS INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-196-GKF-TLW |
| | ) | |
| SUPERIOR LINEN SERVICE, INC., an Oklahoma corporation; JOANN CRAWFORD, Individually and as Surviving Spouse of Douglas Ramey, Deceased; ROBBIE BURKE, Special Administrator of the Estate of Douglas Ray Ramey, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JOANN CRAWFORD, Individually and as the Surviving Spouse of Douglas Ramey, Deceased; and ROBBIE BURKE, Special Administrator for the Estate of Douglas Ramey, Deceased; | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREAT AMERICAN INSURANCE CO., a foreign corporation, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**OPINION AND ORDER**

Before the court are the Motion to Dismiss [Dkt. #25] filed by Third-Party Defendant Great American Insurance Co. ("Great American") and the Motion for Judgment on the Pleadings [Dkt. #29] filed by Third-Party Plaintiffs Joann Crawford and Robbie Burke.

## I. Parties/Procedural Background

Plaintiff Wausau Underwriters Ins. Co. ("Wausau") is the workers compensation insurance carrier for defendant Superior Linen Service, Inc. ("Superior"). Great American provides commercial umbrella liability insurance coverage for Superior.

On June 12, 2009, Douglas Ray Ramey, an employee of Express Personnel, was sent to provide mechanical services at Superior. While working on a hydraulic lift, he was crushed to death when the lift fell on him. Pursuant to the Oklahoma Workers Compensation Act, 85 Okla. Stat. § 1 *et seq.*, Express Personnel provided worker's compensation death benefits to Ramey's estate.

On August 27, 2010, Joann Crawford, Ramey's surviving spouse, sued Superior and Advance Lifts, Inc., the manufacturer of the hydraulic lift, in Tulsa County, Oklahoma District Court, Case No. CJ-2010-5450 ("State Court Case"). [Dkt. #2-2, State Court Case Petition]. Crawford asserted claims against Superior for negligence and premises liability, and an alternative claim of employer liability under the *Parret* doctrine. [*Id.* at 3-4].

Wausau was notified of the State Court Case and agreed to provide Superior with a defense pursuant to a reservation of rights. Subsequently, Wausau filed this action seeking a judicial determination that the worker's compensation policy (the "Policy") does not obligate it to continue to defend or to pay any judgment which may be rendered against Superior in the State Court Case. It named Crawford and Burke as defendants because "they have a legal

interest in whether the Policy obligates Wausau to indemnify Superior for any judgment Crawford or Burke obtain against Superior in the State Court case, and because, if Crawford is not joined as a defendant, any judgment in this action might not be binding upon her or the Estate of Ramey." [Dkt. #2, Complaint, ¶10.].  Wausau asks the court to enter judgment declaring:  (1) it is not obligated under the Policy to defend and indemnify Superior in the State Court Case; (2) Ramey was not an employee of Superior; (3) even if he is deemed to have been an employee of Superior, Part One of the Policy (Workers Compensation), does not apply to the claims against Superior in the State Court case because Crawford and Burke are not seeking to recover benefits from Superior pursuant to the Oklahoma Workers Compensation Act; and (4) even if Ramey is deemed to have been an employee of Superior, Part Two of the Policy (Employers Liability Insurance), does not apply to Crawford's claim against Superior in the State Court Case because it excludes bodily injury intentionally caused or aggravated by the employer. [*Id.*, ¶¶12-15].

Crawford and Burke filed an Answer [Dkt. #11] and a Third Party Complaint against Great American.  [Dkt. #12].  They allege that Great American issued Superior a commercial umbrella liability policy, Number TUU-5-68-05-81 for the policy period January 1, 2009 to January 1, 2010 ("Policy"), which obligates Great American to defend and indemnify Superior in the State Court Case. [*Id.*, ¶¶5, 9].  They claim they have a legal interest in whether the policy obligates Great American to indemnify Superior for any judgment they may obtain against Superior in the State Court Case.  They also claim they are intended beneficiaries of the policy. [*Id.*, ¶10].

Great American moved to dismiss the Third Party Complaint. [Dkt. #25]. Crawford and Burke objected to the motion [Dkt. #28] and filed a Motion for Judgment on the Pleadings [Dkt.

3

#29] arguing that if the court dismisses their Third Party Complaint against Great American, it must also dismiss Wausau's complaint against them for failure to join an indispensable party in violation of Fed. R. Civ. P. 19.

On September 18, 2013, Great American filed a declaratory judgment action in this court against Superior, Burke and Crawford, seeking a determination of its rights and obligations with respect to its policy. *See Great Am. Ins. Co. v. Superior Linen Serv, et al.*, Case No. 4:13-CV-616-GKF-PJC.

On October 14, 2013—the first day of trial of the State Court Case—the parties announced the case had settled. *See* OCIS Case Summary, *Crawford v. Superior Linen Servs., et al.,* CJ-2010-5450, Oct. 14, 2013.

## II. Discussion

### A. Motion to Dismiss

In its Motion to Dismiss, Great American asserts: (1) Crawford and Burke lack standing to sue Great American; (2) there is no "actual controversy" between third-party plaintiffs and Great American; (3) no third-party claim has been stated against Great American; and (4) this court does not have diversity jurisdiction over the third-party claim. Because the court concludes dismissal is appropriate on the first two grounds, it does not address the remaining grounds urged by Great American.

#### 1. Standing

Great American contends the Third Party Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Crawford and Burke have neither a contractual nor a statutory relationship with Great American.

As the court's jurisdiction of this case is grounded in diversity, state law governs the viability of the third party plaintiffs' complaint. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In *Knight ex rel. Ellis v. Miller*, 195 P.3d 372 (Okla. 2008), the Oklahoma Supreme Court held that third party claimants such as Crawford and Burke may not seek a declaration regarding the coverage provided by a defendant's liability policy.

In *Knight*, plaintiff, who was injured in an automobile accident, filed a personal injury lawsuit against the other motorist and the motorist's employer. *Id.* at 373. Thereafter, plaintiff amended his petition to add a claim for declaratory judgment against the employer's insurer, Empire Fire & Marine Insurance Company ("Empire"). The insurer filed a motion to dismiss, arguing plaintiff, who was not insured under the policy and had not yet obtained a judgment against an Empire-insured, lacked standing to sue for declaration of coverage, and therefore there was no requisite actual justiciable controversy between parties. The trial court granted the motion and certified an interlocutory appeal. Quoting a decision by an Oklahoma Court of Appeals in *Equity Ins. Co. v. Garrett*, 178 P.3d 201 (Okla. Civ. App. 2008), the Oklahoma Supreme Court agreed that a 2004 amendment to Oklahoma's Declaratory Judgment Act, 12 Okla. Stat. Supp. 2004 § 1651 *et seq.*, permits a declaratory action to determine the rights and obligations of the insured and the insurer under a liability policy or a policy of indemnity against liability. *Id*. However, the court stated:

> [I]t does not follow that a declaratory action involving the coverage of a liability insurance policy, which is now permitted by § 1651, may be brought by one who neither is a party to the contract nor has a presently enforceable interest in it.
>
> Before there can be a case of actual justiciable controversy presented to the court, there must be a party with standing to pursue the action so courts are asked to determine legally protected interests which are concrete, and are not asked to decide hypothetical or conjectural questions. Standing focuses on the party seeking to get his complaint before the court and not on the issues tendered for determination. In standing problems, the inquiry posed is whether the party

5

> invoking the court's jurisdiction has a legally cognizable interest in the outcome of the tendered controversy.
>
> As Empire argues, and we agree, Knight is a stranger to the insurance contract between Empire and Timeline and does not have a judgment against an Empire-insured. He is seeking a declaration that Empire is obligated to pay any judgment he may recover against Timeline or its employee Miller, but there is no judgment in existence and there may never be one. He has no legally cognizable or protectable interest in the controversy and he will not have one unless and until he should succeed in the negligence action, for it is only at that point that Empire may have a legal obligation to pay. Knight's interest is not real, but potential; it is contingent on the future adjudication of the alleged torts.
>
> Consequently, there is not presently an actual, justiciable controversy between Knight and Empire about Empire's obligation to pay based on an insurance contract between Empire and Timeline  Other courts have precluded declaratory judgment actions under like circumstances and we find their reasoning convincing.

*Id.* at 375 (citations, footnotes and internal quotations omitted).

Here, as in *Knight*, Crawford and Burke are strangers to the Great American policy. They are not named insureds under the policy, nor do they have a judgment against the insured, Superior. Instead, they are third-party claimants seeking to impose liability against Superior.[1] Consistent with *Knight*, this court concludes the third party plaintiffs lack standing to seek a declaration regarding the coverage of the Great American policy.

## 2. "Actual Controversy"

"[A] declaratory judgment suit must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' must be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Surefoot LC v. Sure Foot*

---

[1] The court is not convinced the reported settlement of the State Court Case would serve to confer to standing on Crawford and Burke. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1234 (10th Cir. 2012) (holding that child who died in foster care in Oklahoma had neither a contractual nor statutory relationship with foster parent's liability insurer; therefore, executor of the estate, who obtained wrongful death judgment against foster parent, was "a stranger to the contract and . . . only a third-party claimant").

*Corp.*, 531 F.3d 1236, 1244 (10th Cir. 2008). A district court can grant declaratory relief only if there is an "actual controversy" within its jurisdiction. 28 U.S.C. § 2201. *See Laguna Publ'g.. Co. v. Employers Reinsurance Corp.*, 617 F. Supp. 271, 273 (C.D. Cal. 1985). "[T]he question of ripeness turns on 'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Pac. Gas & Elec. Co. v. State Energy Res. Conservation and Dev. Comm'n*, 461 U.S. 190, 201 (1983)).

In *Laguna*, the court concluded there was no actual controversy between a third-party claimant and a tort defendant's excess liability insurer because, until issues related to liability under the primary policy were resolved, the court could not be certain a controversy concerning the excess policy would arise. 617 F.Supp. at 273. In *Knight*, the Oklahoma Supreme Court found there was no actual, justiciable controversy between a motorist injured in an auto accident and the other motorist's insurer. 195 P.3d at 375.

In like manner, this court concludes that because Crawford and Burke are, at this point, merely third-party claimants seeking judgment against a tort defendant's liability insurer, their third-party complaint fails to state an actual, justiciable controversy.

## B. Motion for Judgment on the Pleadings[2]

In their Motion for Judgment on the Pleadings [Dkt. #29], Crawford and Burke assert that if the court finds they do not have standing to bring Great American into this litigation and dismisses their Third Party Complaint, then Wausau's Complaint should be dismissed as well for failure to join an indispensable party in violation of Fed. R. Civ. P. 19. Wausau filed no response to the motion, but Great American objected, arguing it is neither an indispensable nor a necessary party to the action. [Dkt. #31].

---

[2] Crawford and Burke adopt their Response to Wausau's Motion to Dismiss [Dkt. # 28] in support of their Motion for Judgment on the Pleadings. [Dkt. #29 at 2].

Rule 19 provides, in pertinent part:

**(a) Persons Required to Be Joined if Feasible.**

**(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
>  **(A)** in that person's absence, the court cannot accord complete relief among *existing* parties; or
>  **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>  >  **(i)** as a practical matter, impair or impede the person's ability to protect the interest; or
>  >  **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest.

Fed. R. Civ. P. 19(a)(1)(A) and (B) (emphasis added).

In *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306 (3rd Cir. 2007), the court reversed the district court's dismissal of a declaratory judgment action for failure to join additional excess and umbrella insurers as parties and held that the additional insurers were neither necessary nor indispensable under Rule 19. In so ruling, the court stated:

> Under Rule 19(1)(a) we ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties. As should be apparent, we necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial.

*Id.* at 313 (emphasis in original) (citations omitted).

Great American's absence will not prevent the court from according complete relief among the *existing* parties with respect to the *Wausau* policy—Wausau, Superior, Burke and Crawford. The court need not address the coverage of the Great American Policy in order to determine the rights and obligations of Wausau with respect to the claims Crawford and Burke have asserted against Superior in the state court action. Thus, Rule 19(a)(1)(A) is inapplicable.

8

Nor does Great American claim any interest in the "subject matter of the action"—i.e., Wausau's rights and obligations under the worker's compensation policy with respect to the state tort action. The Great American policy provides "umbrella" liability coverage; it is not a "follow-form" excess liability policy. As a result, any decisions in this case about the rights and obligations of Wausau under its insurance policy with the insured will not control the rights and obligations of Great American under its insurance policy with the insured. Therefore, Rule 19(a)(1)(B) is inapplicable.

Crawford and Burke assert that Great American is a required party because, in its absence, "significant coverage issues will be left unresolved, precipitating additional litigation," and "[i]f Wausau is granted the relief it is seeking, that it does not owe any coverage obligation to Superior Linen, Great American will have to immediately retain counsel to represent Superior Linen in the state court action, on the eve of trial, and will be the sole obligor for damages awarded in the state court venue." [Dkt. #28 at 6-7]. However, since both insurers' declaratory judgment actions are before this court, the "additional litigation" concern is negligible, and the reported settlement of the state court case on October 14, 2013, extinguishes the possibility that Great American would be required to undertake a last-minute defense of the case.

### III. Conclusion

For the reasons set forth above, Great American's Motion to Dismiss the Third-Party Complaint [Dkt. #25] is granted and Crawford's and Burke's Motion for Judgment on the Pleadings [Dkt. #29] is denied.

ENTERED this 24th day of October, 2013.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT