# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAUSAU UNDERWRITERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-CV-196-GKF-FHM ) |
| SUPERIOR LINEN SERVICE, INC., | ) ) ) |
| Defendant. | ) |

## **OPINION AND ORDER** [1]

Before the court is the Motion for Summary Judgment [Dkt. #37] filed by defendant Superior Linen Service, Inc. ("Superior").

Plaintiff Wausau Underwriters Ins. Co. ("Wausau") is the workers compensation insurance carrier for Superior. It filed this declaratory judgment action to determine its rights and responsibilities under the policy.

Douglas Ray Ramey ("Ramey"), an employee of Express Personnel, was killed in a workplace accident at Superior. His widow and the administrator of his estate sued Superior in state court, asserting claims for negligence and premises liability and an alternative claim of employer liability under the *Parret* doctrine. Wausau was notified of the state court case and agreed to provide Superior with a defense pursuant to a reservation of rights. Wausau then filed this action seeking a judicial determination that the worker's compensation policy did not

---
[1] This order corrects a typographical error in § III Conclusion.

obligate it to continue to defend or to pay any judgment which may be rendered against Superior in the state court case. [Dkt. #2].

Shortly after trial of the state court case commenced, it settled. Thereafter, Superior filed the pending motion, arguing the claims for relief pleaded by Wausau in its declaratory judgment action are now moot and this court no longer has jurisdiction.[2]

## I. Material Facts

Wausau provided workers compensation insurance to Superior under a Workers Compensation and Employers Liability Policy, WCJ-Z91-534809-019 ("Insurance Policy"). [Dkt. #2, Ex. 1, Insurance Policy].

The Insurance Policy provides, in pertinent part:

The only agreements relating to this insurance are stated in this policy.

\* \* \*

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

\* \* \*

There will be no right of action against us under this insurance unless . . . [t]he amount you owe has been determined with our consent or by actual trial and final judgment.

\* \* \*

[Dkt. #2, Ex. 1, Insurance Policy, General Section (A); Part II(B) and (I)(2)].

On June 12, 2009, Ramey, an employee of Express Personnel, was sent to provide mechanical services at Superior. He was crushed to death when the hydraulic lift he was working on fell on him. Pursuant to the Oklahoma Workers Compensation Act, 85 Okla. Stat. §

---

[2] Wausau subsequently sought summary judgment on its declaratory judgment claim that it was not obligated under the policy to defend or indemnify Superior in the state court case. [Dkt. #43].

1 *et seq.*, Express Personnel provided workers' compensation death benefits to Ramey's estate. [Dkt. #32 at 2].

On August 27, 2010, Joann Crawford and Robbie Burke, Special Administrator of the Estate of Douglas Ray Ramey, filed a tort action against Superior and Advance Lifts, Inc., *Burke v. Superior Linen*, Case No. CJ-2010-5450, Tulsa County District Court ("State Court Action"). [Dkt. #37, Ex. 1, Docket Sheet for State Court Action]. Plaintiffs asserted claims against Superior for negligence and premises liability, and an alternative claim of employer liability under the *Parret* doctrine. [Dkt. #32 at 2]. Upon being notified of the State Court Action, Wausau agreed to provide Superior with a defense in the action pursuant to a reservation of rights. [*Id.,* Ex. 2, Letter from Liberty Mutual to Superior, 10/11/2010].

On April 4, 2013, Wausau filed its Complaint for Declaratory Judgment, seeking a determination that "[t]he Policy does not obligate Wausau to continue to defend or to pay any judgment which may be rendered against Superior in the State Court case." [Dkt. #2, Complaint for Declaratory Judgment, ¶9]. Superior filed its Answer to the Complaint on May 9, 2013. [Dkt. #19].

On October 14, 2013, the State Court Action settled. [Dkt. #37, Ex. 1]. It is undisputed that Wausau contributed no money toward the settlement. However, in the weeks before settlement was reached, counsel for Superior and its insurers[3] corresponded by letter, email and memorandum about settlement negotiations in the case.

On September 27, 2013, counsel for Superior, Kent B. Rainey, emailed counsel for Wausau a letter renewing an earlier demand that Wausau settle within policy limits on behalf of Superior. [Dkt. #44, Ex. 2, Rainey Letter to Bob Latham and Carey Calvert]. Rainey stated that

---

[3] In addition to the worker's compensation coverage provided by Wausau, Superior had general liability coverage from Great Northern Insurance Company ("Chubb" and/or "GNIC") and commercial umbrella liability coverage from Great American Insurance Co. ("GAIC").

3

plaintiff in the State Court Action had conveyed a settlement offer which was within the combined limits of the insurance policies issued to Superior by Wausau and GNIC, Superior's general liability carrier. He advised a mediation in the case was scheduled for October 1, 2013, and stated, "In performance of Wausau's obligations owed to its insured, Superior demands that Wausau either tender its full . . . liability limits in advance of the mediation, or alternatively have a representative with policy limit authority personally appear at the mediation." [*Id.*].

On September 30, 2013, Rainey sent an email to Wausau counsel Calvert, in which he discussed plaintiff's theory of liability against Superior pursuant to the Workers Compensation Act, 85 Okla. Stat. § 12, noted that Wausau had refused to participate in an initial settlement offer conveyed in advance of mediation and stated:

> Why Wausau is advancing such a position to the detriment of its insured by placing Superior in the risk of having an adverse judgment rendered against it at trial—especially after having previously advised Superior on February 22, 2013 that it was willing to settle for [amount redacted], all as reflected in claim notes—only raises disconcerting questions concerning the intent of Wausau's claim handling since the inception of this lawsuit.

[*Id.*, Ex. 3, Rainey Email to Calvert].

On October 13, 2013, Rainey sent a memorandum to Wausau's retained counsel, Gene Robinson; GNIC's retained counsel, Nathan Clark; GAIC counsel Roger Butler; and Wausau counsel Calvert, in which he discussed the ongoing trial and settlement negotiations. [Dkt. #44, Ex. 4]. Rainey stated:

> For months, Superior Linen has implored its insurance carriers to settle the plaintiff's claims and has placed demands to settle within policy limits. However, they have steadfastly refused to do so. Because its insurance carriers have failed to settle this lawsuit within applicable policy limits—thereby subjecting Superior to the risk of an adverse judgment that threatens its continued viability—Superior has been forced to assemble a pool of its own money to settle the plaintiff's claims. **Superior's insurance carriers can and should settle this lawsuit now.** However, please be advised that if plaintiff's counsel relays a settlement offer of [amount redacted] or less and it is not accepted by Superior's insurance carriers

4

by 9:45 tomorrow morning, Superior itself will accept the offer using its own limited resources and will look to its insurance carriers to make it whole. Superior simply can no longer be party to the game of Russian Roulette its insurers are forcing it to play, and it is time that Superior's insurance carriers adhere to their fiduciary duties owed to Superior.

[*Id.* (emphasis in original)].

On October 14, 2013, Superior, its general liability carrier GNIC and its excess carrier GAIC settled the State Court Action. The same date, counsel for GAIC, with the knowledge and consent of counsel for Superior Linen, sent Wausau and GNIC a letter stating:

Due to the conduct of Chubb and Wausau, [Superior] and Great American Insurance Company were forced to pay [amount redacted] in order to settle this case. Both Chubb and Wausau had an opportunity to settle this case before trial within their respective policy limits, but refused to do so; thus resulting in payments by Great American and [Superior] to settle.

[Superior] and Great American demand that Chubb and Wausau fully fund the settlement which has been reached. Should Chubb and Wausau refuse to fund the settlement, [Superior] and Great American will jointly pursue claims against Chubb and Wausau. Please let me know if you have any questions.[4]

[Dkt. #44, Ex. 5, Butler Letter to George A. Adkins and Lisa Jenson]. The letter did not assert a right to indemnification under the Insurance Policy, and Superior acknowledges it has no such right because it settled the suit without Wausau's consent. Superior contends that any post-State Court Action claim it possesses would relate to Wausau's handling of the claim and its litigation conduct. [Dkt. #49 at 7].

On November 15, 2013, the State Court Action was dismissed with prejudice. [Dkt. #37, Ex. 1, Docket Sheet for State Court Action; Ex. 3, Order of Dismissal with Prejudice].

To date, Superior has filed no bad faith suit against Wausau.

---

[4] The parties agree that GNIC (Chubb) ultimately participated in funding the settlement. [Dkt. #44, Statement of Additional Fact No. 8; Dkt. #49, Response to Statement of Additional Fact No. 8].

## II. Analysis

Although settlement of the State Court Action has mooted the issue of whether Wausau is obligated to continue to provide a defense, Wausau contends a substantial controversy remains concerning its duty to indemnify. Superior argues the issue is now moot, and the court lacks jurisdiction under the Declaratory Judgment Act, because—having paid the settlement out of its own pocket without Wausau's approval—it has no right of indemnity under Part II(I)(2) of the Insurance Policy. According to Superior, "[a]ny post-State Court action claim that Superior possesses would relate to Wausau's handling of the claim and its litigation conduct. However, no such claim has been filed against Wausau; thus, the parameters of such claims are unknown at this time." [Dkt. #49 at 7].

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). "'The phrase "case of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III' of the United States Constitution." *Columbian Fin. Corp. v. Bancinsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008). "A federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)

(citation omitted).  "An abstract, conjectural, or hypothetical injury is not enough to support jurisdiction." *Id.* (citation omitted).

At the time this action was filed, an actual case or controversy existed concerning whether Wausau was obligated, under the terms of the Insurance Policy, to defend and indemnify Superior in the ongoing State Court Action.  Subsequently, the State Court Action settled and was dismissed with prejudice, thereby extinguishing any chance that Wausau would be called upon to continue to defend and/or indemnify Superior.  Further, by Superior's own admission, it no longer has the right to pursue coverage under the Insurance Policy, because it settled without obtaining Wausau's consent, in contravention of Part (II)(I)(2).  As a result, Wausau is no longer subject to any potential demand for legal defense or indemnification.

Wausau contends the possibility that Superior will file a bad faith action warrants a ruling by this court on its contractual obligations.  However, "Article III has long been interpreted as forbidding federal courts from rendering advisory opinions." *Columbian*, 650 F.3d at 1376.  Furthermore a bad faith claim—if one were to be filed—would not be for breach of the insurance contract, but instead would sound in tort and focus on the reasonableness of Wausau's claim handling. *See Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 343 (10th Cir. 1995).

In similarly situated cases, federal courts have dismissed declaratory judgment actions after the underlying state tort suits were settled and/or dismissed.  *See State Volunteer Mutual Ins. Co. v. Rye*, 2009 WL 113588 (W.D. Ark. Jan. 16, 2009) (settlement and dismissal of state court tort action against insured doctor rendered insurer's claim for declaratory relief moot despite possibility that insured might later seek to recover under the policy for sums he paid to settle and/or to assert a bad faith claim against insurer); *Prudential Prop. and Cas. Ins. Co. v.*

7

*Beaufort*, 263 F. Supp. 2d 982 (E.D. Pa. 2003) (dismissal without prejudice of state court wrongful death action rendered declaratory judgment action on coverage moot or unsuitable for a declaratory judgment under 28 U.S.C. §2201); *Nautilus Ins. Co. v. Nevco Waterproofing*, 202 Fed. Appx. 667 (5th Cir. 2006) (holding that declaratory judgment action filed by subcontractor's insurer was rendered moot when underlying action against contractor and subcontractors was dismissed after settlement with major contractor and stating, "the possibility that Concierge [the assignee the contractor's indemnity claim] might sue [the subcontractor] in the future is not of sufficient immediacy and reality to warrant a declaratory judgment.").

Citing *Samsung Elects. Co., Ltd. v. Rambus, Inc.*, 398 Fed. Supp. 2d 470, 478 (E.D. Va. 2005), Wausau argues the settlement of the State Court Action does not deprive the court of its power to determine the legal rights of the parties in this action. [Dkt. #44 at 7]. In *Samsung*, the court acknowledged that defendant's "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Id.* However, it qualified this statement by adding that "a case may become moot where subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (internal quotation omitted). And in *Samsung*, the court held that defendant's agreement to cease the challenged conduct, together with the dismissal with prejudice of its patent infringement counterclaims, made it clear that defendant's conduct could not reasonably be expected to recur. *Id.* at 478.

Here, the State Court Action has been dismissed with prejudice and Superior Linen has acknowledged it no longer has any right to indemnification under the Insurance Policy. Therefore, Superior Linen cannot renew its demands for coverage pursuant to the terms of the policy.

The settlement of the underlying State Court Action has rendered Wausau's claim for declaratory judgment moot. Accordingly, the court lacks subject matter jurisdiction of this case.

### III. Conclusion

For the reasons set forth above, defendant Superior's Motion for Summary Judgment [Dkt. #37] is granted, and this case is dismissed without prejudice.

ENTERED this 16th day of June, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT